UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SUE F. STANLEY and<br>CHARLES S. STANLEY,<br><br>    Plaintiffs,<br><br>v.<br><br>DENVER MATTRESS CO., LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   No.:   1:21-CV-294-TAV-CHS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant's motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) [Doc. 9]. Plaintiff has responded [Doc. 13], defendants have replied [Doc. 14] and this matter is now ripe for the Court's review. Also before the Court is defendant's motion for a hearing on the pending motion to dismiss [Doc. 16]. For the reasons explained below, defendant's motion to dismiss [Doc. 9] is **DENIED** and motion for a hearing [Doc. 16] is **DENIED AS MOOT**.

**I.    Background**

The following facts are taken from plaintiffs' complaint [Doc. 1], which the Court accepts as true for purposes of this Rule 12(b) motion. Defendant operated, managed, and maintained a store for retail sales of beds and related furnishings in Chattanooga, Tennessee [Doc. 1 ¶¶ 5–6]. The floor plan of the premises included a carpeted customer aisle in the shape of a pentagon, and merchandise was situated both inside and outside the customer aisle [*Id.* ¶ 8]. There was a single electrical outlet situated in the customer aisle, which was

not flush with the level of the floor, but partially protruded above it [*Id.* ¶¶ 9–10]. On or about October 22, 2018, plaintiffs entered the premises to shop [*Id.* ¶ 12]. They were greeted near the front entrance by a store manager, who, after a discussion, led them toward the part of the store where specific types of beds were on display [*Id.*]. The path taken by the store manager led the plaintiffs directly through the portion of the customer aisle in which the outlet was protruding from the carpet [*Id.* ¶ 13]. Mrs. Stanley tripped on the protruding electrical outlet, lost her balance, and fell to the floor [*Id.* ¶ 14]. Plaintiffs allege that defendant acted negligently in several ways relating to Mrs. Stanley's fall [*Id.* ¶ 15].

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits a party to seek dismissal based on a lack of subject matter jurisdiction. Rule 12(b)(1) motions fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack is a challenge to the sufficiency of the pleading itself." *Id*. In considering whether jurisdiction has been established on the face of the pleading, "the court must take the material allegations of the [pleading] as true and construed in the light most favorable to the nonmoving party." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id*. Notably, unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), "where subject matter jurisdiction is challenged under Rule 12(b)(1)[,] . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v.*

2

*Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)).

A federal plaintiff also "bears the burden of proving that venue is proper." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). In considering a Rule 12(b)(3) motion to dismiss for improper venue, the Court "may examine facts outside of the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id.* If the Court concludes that venue is not proper in this judicial district, the Court has the discretion to dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a). *Id.*

### III. Analysis

#### A. Abstention

Defendant argues that the Court should decline to exercise jurisdiction over this matter [Doc. 10, p. 3]. As background, defendant notes that plaintiffs filed suit relating to this incident in Hamilton County Circuit Court on October 18, 2019, and that lawsuit proceeded to the point that discovery was closed, the parties had exchanged witness and exhibits lists, defendant had submitted proposed jury instructions and a proposed verdict form, and the court held a pretrial conference [*Id.* at 1–2]. Defendant also states that it had filed a motion for summary judgment and multiple motions in limine [*Id.* at 2]. Defendant contends that the state court initially denied summary judgment, but later revised the order to grant partial summary judgment on plaintiffs' negligence claims that relied on alleged violations of building codes [*Id.* at 2–3]. Defendant later moved for permission to appeal

3

the interlocutory order denying summary judgment, and, in a telephonic hearing, the state court advised counsel for both parties that the arguments in this motion were persuasive and the court was inclined to revise the interlocutory order to grant summary judgment and dismiss the case on the merits [*Id.* at 3]. Within two hours of this hearing, plaintiffs filed a notice of voluntary dismissal [*Id.*].

Defendant contends that this district has previously declined to exercise jurisdiction in identical instances of blatant forum shopping, citing *Eager v. Kain*, 158 F. Supp. 222 (E.D. Tenn. 1957) and *McDermott v. Toyota Motor Sales Company*, 487 F. Supp. 484 (E.D. Tenn. 1980) [*Id.* at 3–5]. Defendant also cites the Western District of Tennessee's decision in *Beal v. Walgreen Company*, No. 05-2237, 2006 WL 8436267 (W.D. Tenn. Aug. 2, 2006) in support [*Id.* at 5–6]. Defendant argues that this case is nearly identical to the cited decisions [*Id.* at 6]. The case was litigated for nearly two years with extensive discovery and motion practice, and, after the state court indicate that it was inclined to grant summary judgment, plaintiff nonsuited the case and refiled their lawsuit in this Court. Accordingly, defendant contends that the Court should abstain from exercising jurisdiction for the same reasons set forth in *Eager*, *McDermott*, and *Beal*, noting that it would suffer severe prejudice if the Court permitted plaintiffs' attempt at forum shopping, given that it has already spent time, effort, and money defending this lawsuit in state court [*Id.*].

Plaintiffs respond that defendant has failed to identify any recognized applicable abstention doctrine [Doc. 13, p. 7]. Plaintiffs contend that the limited exception to the federal court's obligation to exercise its jurisdiction established by *Colorado River Water*

4

*Conservation District v. United States*, 424 U.S. 800 (1976) does not apply because there is no pending state court action. Additionally, none of the other recognized federal abstention doctrines apply or are alleged to apply [*Id.*]. Plaintiffs note that defendant relies solely on three district court decisions, but those cases do not identify any recognized abstention doctrine in declining to exercise jurisdiction, and both the Ninth and Tenth Circuits have indicated that *Eager* and *McDermott* were wrongly decided [*Id.* at 8]. Plaintiffs further argue that even if *Eager* and *McDermott* apply, they are both materially distinguishable [*Id.* at 8–9]. Moreover, plaintiffs contend that even under the forum-shopping rational for abstention, they have established a valid reason for proceeding in federal court, namely, the ease of subpoenaing numerous out-of-state witnesses in federal court [*Id.* at 9].

Defendant replies that *Eager* and *McDermott* empower the Court to dismiss this case for forum shopping, as those cases are nearly identical procedurally to this case and have never been overruled by the Sixth Circuit [Doc. 14, p. 5]. Additionally, defendant contends that in *Colorado River*, the Supreme Court acknowledged that federal courts may abstain from deciding cases in "exceptional circumstances," and sets forth factors to be considered [*Id.* at 6–7]. Finally, defendant argues that the Court has inherent power to dismiss a case for forum shopping, and judge-shopping constitutes conduct that abuses the judicial process [*Id.* at 8–9].

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the

5

duty of a District Court to adjudicate a controversy properly before it." *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). Abdication of this obligation "can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 188–89. The Supreme Court's decisions have confined the circumstances where abstention is appropriate to three general categories: (1) where the case presents a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; and (3) "where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings[.]" *Colorado River*, 424 U.S. at 814–16.

Turning to the cases cited by defendant, *Eager* involved an action for damages for injuries plaintiff suffered when he fell while boarding a cabin cruiser owned and operated by the defendant. 158 F. Supp. at 223. Plaintiff first sued in Hamilton County Circuit Court. *Id.* Ultimately, the case was tried in state court, and, at the close of trial, defendant moved for a directed verdict. *Id.* The state court was about to rule favorably on the motion when plaintiff asked for a nonsuit. *Id.* The request was granted, and plaintiff subsequently brought the action in federal court. *Id.* This district concluded that "[t]he plaintiff in this action appears to be shopping for a favorable forum. . . . The plaintiff, having the choice of forum, decided to try the case in state court. When the court thus selected by the plaintiff

indicated that the plaintiff was about to lose, the plaintiff took a non-suit[.]" The court noted that such a non-suit would not have been permissible in federal court, and concluded that it did "not feel that it must entertain such an action where it would not have ordered the dismissal." *Id.* at 223–24. The court therefore declined to entertain jurisdiction over the case. *Id.* at 224.

Subsequently, in *McDermott*, a plaintiff sued for personal damages allegedly sustained when a forklift he was driving tipped over. 47 F. Supp. at 485. The Court noted that a suit premised on the same facts was filed in the Knox County Circuit Court, where defendants moved for summary judgment and argument was heard. *Id.* At the end of the argument, the trial court denied the motion "out of an abundance of precaution" but indicated that, unless more facts were brought forward at trial, it would look favorably upon defendants' motions for a directed verdict. *Id.* Plaintiff then voluntarily nonsuited and brought the action in federal court. *Id.* Plaintiff's counsel implied that his sole reason for the nonsuit was his impression from the trial court's remarks that he "could not get a fair trial in the state court." *Id.*

The court concluded that "[i]t is clear that this Court has discretion to decline to exercise jurisdiction under the proper circumstances." *Id.* (citing *Eager*, 158 F. Supp. 222). The court stated that the *Eager* decision "further[ed] a policy essential to our federal system of government," namely, that federal courts are courts of limited jurisdiction. *Id.* at 486. The court stated that the fact that state and federal courts enjoy concurrent jurisdiction over some matters cannot reduce the independence of each, stating that "[w]e are not designed

7

to sit in judgment over state courts, nor to second-guess the studied opinions of state judges." *Id.* The court recognized "that valid tactical considerations may form the basis of a plaintiff's initial choice of forum, or of his decision to take a non-suit. But an indication from the trial judge, after the expenditure of court time and litigants' money, that the plaintiff is not making out his case, is simply not such a valid consideration." *Id.* The court stated that "[t]o condone such obvious instances of 'forum shopping' would only serve to destroy the independence of the state and federal courts, and to defeat any hope for judicial economy and the orderly resolution of cases." *Id.* The court therefore dismissed the case without prejudice. *Id.*

In *Beal*, plaintiffs filed suit in Shelby County Circuit Court, and summary judgment motions were filed. 2006 WL 8436267, at *1. The circuit court held a hearing on the pending motions and indicated its intention to grant defendant's motion for summary judgment on punitive damages. *Id.* at *2. Plaintiffs then stated their intent to take a voluntary nonsuit. *Id.* Thereafter, plaintiffs filed their claims in federal court. *Id.* The district court stated "[i]t is axiomatic that district courts have discretion to decline to exercise jurisdiction" and "[t]his discretion protects the integrity of the federal judicial system and promotes respect for concurrent state jurisdictions." *Id.* at 2 (citing *Eager*, 158 F. Supp. 222). After quoting from *McDermott*, the Court concluded that the action "present[ed] a blatant instance of forum shopping" and "[a]n exercise of the Court's jurisdiction would not only promote forum shopping but create a mechanism allowing parties to escape the consequences of illicit discovery practices." *Id.* Accordingly, the

Court declined to exercise jurisdiction "out of prudential concerns and to avoid the evils of forum shopping and inefficiency." *Id.*

However, addressing the same issue, the Ninth Circuit held that a district court does not have discretion to abstain from exercising jurisdiction in a case that does not fall within a recognized abstention doctrine. *Federal Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 637 (9th Cir. 1989). The Ninth Circuit stated that "[t]he Supreme Court has made it clear that the *Colorado River* doctrine is not a recognized form of abstention." *Id.* The court then stated that it was "aware of no doctrine of abstention or deference of jurisdiction which authorizes federal courts to decline to exercise jurisdiction on th[e] ground [of forum shopping] alone." *Id.* The court "conclude[d] that *McDermott* and *Eager* were wrongly decided" and could not be squared with the Supreme Court's abstention doctrines or its teaching that abstention from federal jurisdiction is the exception, rather than the rule. *Id.* at 638. The Northern District of Ohio subsequently declined to follow *McDermott* and *Eager*, stating that the Ninth Circuit's decision "is a circuit decision which has weakened the effect of *Eager* and *McDermott*." *Moran Foods, Inc. v. State Road Associates*, No. 1:09-cv-1782, 2009 WL 10688907, at *5 (N.D. Ohio Dec. 3, 2009); *see also Predator Intern. Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1189–90 (10th Cir. 2015) (citing *Nichols* in support of its conclusion that dismissal as a sanction under Rule 11 was not warranted on the ground of forum shopping).

Ultimately, although the Sixth Circuit has yet to weigh in on the propriety of abstention on the ground of forum shopping, in light of the recent case law indicating that

9

district courts may not abstain from exercising jurisdiction on the ground of forum shopping alone, the Court will not abstain from exercising its jurisdiction in this case. Although the two cases from this district cited by defendant do appear to support a finding that a district court *may* abstain from exercising jurisdiction on forum-shopping grounds, the Court notes that those decisions were rendered in 1957 and 1980, respectively. And, while the Western District of Tennessee's decision in *Beal* was more recent, in 2006, that decision largely relied on this district's decisions in *Eager* and *McDermott*. But, in light of more recent case law questioning the underlying premise of *Eager* and *McDermott*, the Court, in its discretion, declines to abstain from exercising jurisdiction in this case on the ground of forum shopping.

Moreover, unlike *Eager*, *McDermott*, and *Beal*, in this case, there is no clear record of the state court's alleged indication of intent to rule in one party's favor, which defendant contends occurred during the course of a telephonic hearing [*See* Doc. 10, p. 3]. And plaintiffs appear to dispute defendant's recounting of this telephonic hearing [*See* Doc. 13, p. 3]. Furthermore, plaintiffs have presented at least some explanation for their decision to nonsuit the Hamilton County action and refile in federal court, namely, to take advantage of the subpoena powers of the federal court [*See id.* at 9–11]. In light of these facts, even if the Court could abstain from exercising jurisdiction on the ground of forum shopping, the Court would decline to abstain from exercising jurisdiction on this case, because, on the record before it, the Court cannot say that plaintiffs' decision to nonsuit the Hamilton County action and refile in federal court is a blatant instance of forum shopping. For these

10

reasons, defendant's request to dismiss for a lack of jurisdiction on abstention grounds is **DENIED**.

B.    **Forum Non Conveniens**

Defendant next argues that the Court should dismiss this matter under the doctrine of forum non conveniens [Doc. 10, p. 7]. Defendant contends that no deference is owed to plaintiffs' choice of forum, given that this Court was not plaintiffs' first choice of forum and is not plaintiffs' home forum [*Id.* at 8]. Defendant states that the state court is an adequate alternative forum for this litigation [*Id.* at 8–9]. Moreover, defendant contends that the private interest factors support dismissal, noting that Knoxville is some distance from the Hamilton County courthouse, and the ultimate inconvenience is relitigating the entire case in this Court [*Id.* at 9–10].

Plaintiffs respond that the doctrine of forum non conveniens is limited to foreign jurisdictions and is therefore inapplicable, as the Tennessee state trial court is not in another country [Doc. 13, pp. 11–12].

Defendant replies that the doctrine of forum non conveniens remains appropriate in instances where a state or territorial court serves litigation convenience best [Doc. 14, p. 10]. And, here, defendant contends, the state court clearly serves litigation convenience best [*Id.*].

"Under the common law doctrine of forum non conveniens, a district court may decline to exercise its jurisdiction, even though the court has jurisdiction and venue." *Hefferan v. Ethicon Endo-Surgery, Inc.*, 828 F.3d 488, 492 (6th Cir. 2016) (internal

11

quotation marks omitted). The Sixth Circuit has stated that "following enactment of 28 U.S.C. § 1404(a) in 1961, the doctrine of forum non conveniens now only applies in cases in which the alternative forum is in another country." *Great Lakes Tower, LLC v. Cameron Wire & Cable, Inc.*, No. 2:20-cv-11014, 2020 WL 6685104, at *2 (E.D. Mich. Nov. 12, 2020) (quoting *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523 n.1 (6th Cir. 2010)) (internal alterations and quotation marks omitted); *see also Duha v. Agrium, Inc.*, 448 F.3d 867, 883 (Cole, J., dissenting) ("In today's climate, the doctrine of forum non conveniens is only applicable in situations involving foreign plaintiffs insofar as domestic forum non conveniens has been replaced with a statute" (citing 28 U.S.C. § 1404(a))).

Nonetheless, the Supreme Court has acknowledged that the doctrine of forum non conveniens may have some continuing application when a state court is the alternate venue. As summarized by the Eastern District of Michigan, "[t]oday, the federal doctrine of forum non conveniens has continuing application only where the alternative forum is abroad or 'perhaps in rare circumstances where a state or territorial court serves litigational convenience best.'" *Great Lakes Tower*, 2020 WL 6685104, at *2 (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994)). The Western District of Tennessee has stated that, based on this language, the applicability of the doctrine of forum non conveniens when the proposed alternate forum is a state court "is somewhat an open question." *Starr v. Hill*, No. 10-2070, 2010 WL 2521378, at *3 (W.D. Tenn. June 16, 2010). But, this exception is sensible, given that Section 1404(a), which the decisions limiting the doctrine of forum

12

non conveniens rely on, "by its very terms, speaks to federal courts" and "its function is to vest . . . a federal forum with the power to transfer a transitory cause of action to a more convenient *federal* court." *Pope v. Atlantic Coast Line R. Co.*, 345 U.S. 379, 384 (1953) (emphasis added). Accordingly, transfer of this case back to the Hamilton County Circuit Court would not be possible under Section 1404(a).

The Court must therefore address whether this case is a "rare circumstance[] where a state . . . court serves litigational convenience best." *See Miller*, 510 U.S. at 449 n.2. Few courts have addressed what constitutes such "rare circumstances" where the doctrine of forum non conveniens would apply. But, generally, "[i]n deciding whether to dismiss a case on th[e] basis [of forum non conveniens], 'the central focus' is 'convenience.'" *Prevent USA Corp. v. Volkswagen AG*, 17 F. 4th 653, 658 (6th Cir. 2021) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981)). "Three questions guide a district court's discretion: Is there an adequate alternative forum? Would the chosen forum be unduly burdensome to the defendant or court given the private and public considerations at play? Are there legitimate reasons for denying the plaintiff its choice of forum?" *Id.* The Court will address each of these questions in turn.

### 1. Is there an adequate alternate forum?

"[A]n alternate forum exists where: 'the defendant is amenable to process in the other jurisdiction . . . however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum many not be an adequate alternative, and the initial requirement may not be satisfied[.]'" *German Free State of Bavaria v. Toyobo Co. Ltd.*,
13

480 F. Supp. 2d 948, 952 (W.D. Mich. 2007) (quoting *Piper Aircraft*, 454 U.S. at 255 n. 22). In general, "that the [alternate] venue makes it more difficult to establish the claim or that the [state] law is less generous to prevailing plaintiffs does not establish unavailability." *Prevent USA*, 17 F. 4th at 659.

Here, there is clearly an adequate alternate forum available, namely, the Hamilton County Circuit Court. Plaintiffs initially filed an action based on the same facts in that Court, and significant litigation of this matter occurred before plaintiffs nonsuited the Hamilton County action. Accordingly, it is clear that the Hamilton County Circuit Court is an adequate alternate forum for this action.

### 2. Would the chosen forum be unduly burdensome to the defendant or court given the private and public considerations at play?

Next, the Court must balance the public and private factors. *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 105 (6th Cir. 1989). Private considerations include "access to evidence, mechanisms for ensuring that unwilling witnesses participate, and costs of obtaining testimony from willing witnesses." *Prevent USA*, 17 F. 4th at 660. However, the question remains "whether these considerations 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience.'" *Id.* (quoting *Piper Aircraft*, 454 U.S. at 241) (alterations in original). Public interest factors include "local interest in the dispute, the location of the injury, the fullness of the court's docket, preference for trying cases in the place of the governing law, hesitance to apply foreign law, and desire to avoid conflict-of-law problems." *Id.*

14

Given that the alternative forum in this case is the Hamilton County Circuit Court in Chattanooga, Tennessee, many of the public interest factors are less applicable. For example, as to the local interest in the dispute and location of the injury, both this Court and the Hamilton County court are located within the Eastern District of Tennessee, which encompasses Chattanooga.[1] Moreover, because both this Court and the Hamilton County court would apply Tennessee law, there is no concern about applying foreign law or avoiding conflict-of-law problems. Accordingly, the public interest factors essentially weigh equally in favor of venue in this Court or in the Hamilton County Circuit Court.

As to the private factors, there do not appear to be any issues relating to obtaining physical evidence that would impact venue in this case. However, plaintiffs specifically point to the need to ensure the participation of an unwilling witness, stating that filing in this Court was largely due to the federal courts' subpoena power [Doc. 13, pp. 9–11]. Plaintiffs specifically reference a witness located in Texas, and argue that, because Texas has not adopted the Uniform Interstate Depositions and Discovery Act, a Texas court would be under no obligation to compel the witness's testimony in a Tennessee case [*Id.* at 9–10]. The Federal Rules of Civil Procedure permit a party to subpoena a witness to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is

---

[1] The Court notes that defendant contends that Knoxville is located some distance from Chattanooga [Doc. 10, p. 9]. However, the Court also notes that Knoxville and Chattanooga are situated approximately 100 miles apart, with a travel time between the two cities of less than 2 hours. *See* Driving Directions from Chattanooga, TN to Knoxville, TN, Google Maps, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "Chattanooga, TN" and search destination field for "Knoxville, TN").

15

employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). Without further information about where the witness at issue is employed or regularly transacts business in person, the Court cannot say that this provision necessarily assists plaintiff, as Texas is well beyond the 100-mile radius provided for in Rule 45(c)(1)(A). Regardless, under this analysis, defendant bears to burden of establishing that proceeding in this forum would be unduly burdensome, and, ultimately, none of the public or private factors weigh in favor of such a finding.

### 3. Are there legitimate reasons for denying the plaintiff its choice of forum?

"A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor applies with less force[.]" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) (internal quotation marks omitted). Nevertheless, "[b]ecause forum non conveniens is designed to 'secure convenient trials,' it makes sense to 'defer to a plaintiff's choice of forum based on an assumption that the plaintiff' knows its self-interest better than anyone else and thus 'will chose a convenient forum.'" *Prevent USA*, 17 F. 4th at 660 (quoting *Jones*, 920 F.3d at 1094).

Ultimately, defendant has not met its burden of establishing any legitimate reason for denying plaintiffs their choice of forum. Defendant primarily points to its allegations of forum shopping, but as noted previously, the Court cannot find that this case presents a

16

blatant case of forum shopping on the record before it. And, alternatively, plaintiffs have provided legitimate reasons for their refiling of this action in this Court.

Accordingly, this Court does not find that this case rises to the level of the "rare circumstances" where the state court would best serve "litigational convenience," and therefore, defendant's motion to dismiss on the ground of forum non conveniens is **DENIED**.

## IV. Conclusion

For all the reasons above, defendant's motion to dismiss [Doc. 9] is **DENIED,** and defendant's motion for a hearing [Doc. 16] is **DENIED AS MOOT.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE